IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

BRAD REED, GREG REED, JUSTIN
MCBRIDE, ANTOINETTE MCBRIDE,
RICHARD RUBY,

      Defendants.

Criminal No. 18-0101
ELECTRONICALLY FILED

**MEMORANDUM ORDER OF COURT**

Before the Court are sixteen pretrial Motions filed by two Defendants: Brad Reed and Richard Ruby.  ECF 111, ECF 112, and ECF 114 through ECF 127.  The Government has filed an Omnibus Responses to these Motions (ECF 131 and ECF 132), making these matters ripe for disposition.  The Court will address the Motions seriatim.

**1.  Defendant Ruby's Motion to Dismiss Count One of the Indictment - ECF 111**

In this Motion, Defendant Ruby notes that he was previously charged with: (1) possession with intent to distribute a quantity of heroin on April 25, 2017; (2) possession of a firearm by a convicted felon on April 25, 2017; and (3) possession of a firearm in furtherance of a drug trafficking crime at criminal docket number 17-cr-151.[1]  Defendant pled guilty to possession with intent to distribute a quantity of heroin, and possession of a firearm by a

---

[1] Defendant Brad Reed made a broad request at ECF 121 to join all of Defendant Ruby's Motions. This particular Motion (ECF 111) does not pertain to Defendant Brad Reed because Reed was not charged with a crime at docket number 17-cr-151.  Thus, the Court will deny Defendant Brad Reed's request for relief through this Motion.

convicted felon. He was found not guilty of possession of a firearm in furtherance of a drug trafficking crime after a non-jury trial.

In the instant case, Defendant has been charged with conspiracy with the intent to distribute 100 grams or more of heroin and 40 grams or more fentanyl from January 2014 until December of 2017. Defendant contends that a substantive charge from the prior case (17-cr-151), possession with intent to distribute a quantity of heroin on or about April 25, 2017, is being used as the object of the underlying conspiracy in this case. Defendant further contends the Government has produced no discovery related to Defendant Ruby in the instant matter, except the information gathered in case number 17-cr-151.

Defendant argues that because the conspiracy charge in the instant matter is allegedly based solely on Defendant's crime of possession with intent to distribute heroin to which he pled guilty in case number 17-cr-151, Count One of the instant indictment must be dismissed for double jeopardy.

The Double Jeopardy Clause, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5; *United States v. Dixon*, 509 U.S. 688, 695-96 (1993). This protection applies both to successive punishments and to successive prosecutions for the same criminal offense. *Id*. at 696. Where the two offenses for which the defendant is punished or tried cannot survive the "same-elements" test, the double jeopardy bar applies. *Id,. citing Brown v. Ohio*, 432 U.S. 161, 168-69 (1977); *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (multiple punishment); *Gavieres v. United States*, 220 U.S. 338, 342 (1911) (successive prosecutions). The same-elements test, sometimes referred to as the *Blockburger* test, inquires whether each offense contains an element not contained in the

other; if not, they are the same offense and double jeopardy bars additional punishment and successive prosecution. *Id.*

In *Grady v, Corbin*, the United States Supreme Court held that in addition to passing the *Blockburger* test, a subsequent prosecution must satisfy a "same-conduct" test to avoid the double jeopardy bar. *Grady v, Corbin*, 495 U.S. 508, 510 (1990). The *Grady* test provides that, "if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted," a second prosecution may not be had. *Id.*

It is well settled that a substantive crime and a conspiracy to commit that crime are separate offenses. *United States v. Dike*, No. CRIM. A. 93-247-02, 1995 WL 112982, at *3 (E.D. Pa. Mar. 14, 1995), citing *United States v. Felix*, 503 U.S. 378, 389 (1992). In *Felix*, the United States Supreme Court held that prosecution of a defendant for conspiracy, where certain overt acts relied upon by the government were based on substantive offenses for which the defendant had already been convicted, did not violate the Double Jeopardy Clause. *Id.*

The Court finds that this case meets the requirements of the *Blockburger* test and thus double jeopardy does not attach. The elements of possession with intent to deliver heroin from the prior case filed at 17-cr-151 differ from the elements of the conspiracy alleged in Count One of the instant Indictment. Thus, these two crimes are not the same offense.

Further, this Court notes that the United States Supreme Court in *Felix*, when faced with the same set of circumstances as are present here, explained that the "essence" of a conspiracy offense "is in the agreement or confederation to commit a crime" and "the same overt acts charged in a conspiracy count may also be charged and proved as substantive offenses, for the agreement to do the act is distinct from the act itself." *Id*. at 389-90 (internal citations omitted).

3

For these reasons, Defendant Ruby's Motion to Dismiss Count One of the Indictment for Double Jeopardy (ECF 111) is **DENIED**.

**2. Defendant Ruby's Motion to Disclose Grand Jury Transcripts - ECF 112**

Next, Defendant Ruby argues that the Grand Jury Transcript or Minutes should be disclosed and reviewed by this Court so this Court "determine substantial legal and constitutional questions that have been raised" by Defendant Ruby's Motion to Dismiss Count One of the Indictment for Double Jeopardy. Defendant has not argued that any sort of impropriety occurred before the grand jury compelling dismissal of the indictment.

The Motion to Disclose Grand Jury Transcripts (ECF 112) is, therefore, **DENIED AS MOOT**, based upon the Court's decision denying Ruby's Motion to Dismiss Count One of the Indictment for Double Jeopardy. Moreover, the Court notes that any portion of the grand jury transcripts of any potential Government witness, which the Government must produce as part of its early *Jencks* disclosure, was to be produced by December 20, 2018. The docket reflects that the Government has filed such material.

**3. Defendant Ruby's Motion to Compel Proffer of Government's Expert – ECF 114**
**4. Defendant Reed's Motion to Compel Proffer of Government's Expert – ECF 119**

In his Motion, Defendant Ruby seeks to discover the identity of the individual person(s) who the Government plans to call as expert(s) in the field of drug conspiracies and the language codes of drug conspirators. ECF 114. Similarly, Defendant Brad Reed seeks to discover the identity of the expert witness(es) along with a summary of the witness' testimony, basis and purpose of that testimony, and his and/or her qualifications, who will testify on behalf of the Government concerning illegal activities, including but not limited to the means, methods, tools

of the trade, travel practices, practices for distribution of controlled substances and practices employed by persons involved in a conspiracy to distribute heroin. [ECF 119](ECF 119).

The Government responded to these Motions (ECF 132, p. 22) noting, "The government anticipates calling the following expert witnesses at trial: scientists from the Allegheny County Office of the Medical Examiner who tested the narcotics and the firearm recovered in this case; pathologists and toxicologists from the Allegheny County Office of Medical Examiner who conducted the autopsies and toxicological analysis of the decedent victims in this case; an expert in the area of pharmacology; and an expert regarding narcotics and narcotics trafficking. Many of the government's expert witness' reports have already been provided to defense counsel." The Government's Response next identifies by name each and every expert it has retained to date as well as areas of expertise to which each expert will testify. Moreover, the Government represents that expert reports which were prepared at the Government's request and in the Government's possession as of December 14, 2018 and summaries of the testimony of these experts has already been provided to Defendants.

The Court notes, however, that there is one expert in the area of narcotics and narcotics trafficking who the Government had not yet identified as of the December 14, 2018. Therefore, these Motions to Compel Proffer of Government's Expert ([ECF 114](ECF 114) and [ECF 119](ECF 119)) is **DENIED WITHOUT PREJUDICE** to the Defendants to refile same, should the Government fail to comply with the Defendants' request in this regard on or before January 11, 2019.

**5. Defendant Reed's Motion for Bill of Particulars – ECF 115**

Defendant Brad Reed, who was joined by Defendant Ruby, requests the Government file a bill of particulars with what essentially amounts to a detailed outline of the Government's case. ECF 115.

Federal Rule of Criminal Procedure 7(f) provides as follows:

> The Court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f).

A bill of particulars informs a defendant of the nature of the charges brought against him or her so that the defendant is able to adequately prepare a defense. *United States v. Addonizio*, 451 F.2d 49, 63 (3d Cir.), *cert. denied*, 40 U.S. 936 (1972). The United States Court of Appeals for the Third Circuit has held that district courts should grant a motion seeking a bill of particulars when an indictment's failure to provide factual or legal information "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir.1989).

Thus, this Court has discretion in granting or denying Defendants' motion for a bill of particulars, but when ruling on this request, this Court must consider all information that has been disclosed to Defendants in the course of the prosecution, whether or not included in the indictment. *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir.), *cert. denied*, 490 U.S. 914 (1972).

The Court begins its analysis by reviewing the indictment. ECF 3. The Court finds that the indictment contains sufficient information so that Defendants Brad Reed and Ruby can prepare their defense.

Next, the Court's notes that the Defendants' Motion (ECF 115) requests: (1) the dates on which both Defendant Brad Reed and each alleged co-defendant and uncharged co-conspirator is alleged to have joined the conspiracy; (2) all conduct not already identified in the indictment (including dates of, locations of, and participants in meetings and conversations) allegedly committed in furtherance of the conspiracy; (3) the dates, times and places at which Defendant Brad Reed is alleged to have engaged in the overt act of planning and committing any acts in furtherance of the purpose of the conspiracy in his alleged role in the conspiracy; (4) the dates, times and places at which Defendant is alleged to have engaged in the act of conspiring with co-conspirators to distribute heroin and fentanyl in his alleged role in the conspiracy; and several additional, similarly stated requests. The Court finds that these requests go too far. A bill of particulars is not to be used by Defendants as a discovery tool by which Defendants obtain disclosure of every detail of the theory of the Government's case. *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983) (internal citations omitted). Thus, Defendants, here, are not entitled to discover the Government's strategy nor an outline of its case.

Finally, this Court notes that a significant amount of information has already been made available to Defendants. Specifically, In addition, the Government tendered its Jencks Act material more than six weeks prior to trial and asserts it "will provide its *Giglio* material, witness lists, and exhibits more than a month prior to trial." The Court concurs with the Government's observation that Defendants will essentially be provided with the entirety of the Government's case over a month prior to trial.

Based on the foregoing, the Court finds that there is no risk of prejudicial surprise at trial, particularly in light of the disclosures already provided by the Government through its Jencks

Act production, its Responses to the Defendants' Motions, and any further disclosures that the Government may make pursuant to the relevant rules, case law, and this Court's Pretrial Order in the instant matter.  Accordingly, Defendants' Motions are **DENIED**.

### 6. Defendant Reed's Motion for Leave to File Additional Pre-Trial Motions after Full Disclosure of Discovery – [ECF 116](ECF 116)

Defendant Brad Reed has requested that this Court grant him leave to file additional pretrial motions, additional discovery motions, motion(s) to suppress evidence, and Motions in Limine upon completion of his review of the discovery materials received to date, and/or upon receipt and review of the additional discovery which are yet to be produced.  [ECF 116](ECF 116).  The Government indicated that it has no objection to such a request.  ECF 132, p. 13.  Therefore, this Motion ([ECF 116](ECF 116)) is **GRANTED**.  Defendant shall have until January 14, 2019 to comply.  If Defendant Brad Reed files a Motion(s) the Government's Response to same is due by January 21, 2019.

### 7. Defendant Reed's Motion to Compel Production of *Brady* Material – ECF 117

Although Defendant Brad Reed acknowledges that the "Government . . . provided the undersigned with voluminous discovery material, consisting of a CD-ROMS containing documents, police reports, and other materials concerning Mr. Reed and other alleged co-conspirators[,]" he argues that he "requires a more reasonable period of time within which to review any *Brady* materials and to conduct any appropriate investigations predicated upon such materials.  ECF 117.  The Government responded that it "is unaware of any undisclosed exculpatory Brady material pertaining to the defendants."  ECF 132, p. 11, 14.

Accordingly, Defendant Reed's Motion to Compel Production of *Brady* Material (ECF 117) is **DENIED**.

### 8. Defendant Reed's Motion for Disclosure of Promises of Leniency and/or Existence of Plea Bargain Agreements – [ECF 118](#)

In this Motion, which Defendant Ruby joined, Defendant Brad Reed argues that he is entitled to a more reasonable period of time within which to review any "newly produced materials and to conduct any appropriate investigations predicated upon such materials[,]" in light of the fact that the Government will likely call witnesses at trial with whom it has entered into plea bargains." [ECF 118](#). The Court notes that Antoinette McBride, a Defendant in this case, entered a plea of guilty on December 20, 2108. The Government agreed to produce any impeachment evidence that may exist for the Government's trial witnesses, consistent with this Court's Pretrial Order, in conjunction with early disclosure of its Jencks Act material. ECF 132, p. 15.

Therefore, this Motion for Disclosure of Promises of Leniency and/or Existence of Plea Bargain Agreements ([ECF 118](#)) is **DENIED, WITHOUT PREJUDICE,** to Defendants to refile same, should the Government fail to comply with the Court's Order in this regard on or before January 11, 2019.

### 9. Defendant Reed's Motion for Discovery – [ECF 120](#)

In this Motion, Defendant Brad Reed (and Defendant Ruby) request an Order directing the Government to produce items of evidence relating to Count Three of the Indictment and the alleged drug overdose which allegedly resulted in serious bodily injury. [ECF 120](#). More specifically, Defendant Reed seeks, *e.g.,* any oral, written, or recorded statements made by any

person to Government agents, Federal Attorneys, or to a Grand Jury, which may be evidence relating to Count Three and the alleged drug overdose resulting in serious bodily injury, including statements of co-defendants, unindicted co-conspirators in this case, and statements of co-conspirators in related cases and indictments. Id.

The Government responded noting that almost all of what Defendant Reed seeks through this Discovery Motion qualifies as Jencks Act materials. ECF 132, p. 14. The Court concurs. The Court also notes that although Defendant was not entitled to receive Jencks Act materials in mid-December, the Government, nevertheless, produced same on December 20, 2018. The Government also agreed to disclose any other investigative reports or record of treatment relative to Count Three that it possesses and may use in its case-in-chief at trial in a timely manner.

Because most, if not all, of the discovery material Defendant Reed seeks has already been produced, his Motion for Discovery ([ECF 120](ECF 120)) is **DENIED AS MOOT**.

### 10. Defendant Brad Reed's Motion for Leave to Join in and Adopt the Motions and Related Briefs of Co-Defendants – [ECF 121](ECF 121)

Because this Court has addressed, and will continue to address, each Motion filed by any Defendant and has considered each Motion, and will continue to consider each Motion, based on the filer as well as any Co-Defendant who has indicated a desire to join it, this Motion is **GRANTED**.

**11. Defendant Brad Reed's Motion for Notice Pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure for Notice of the Government's Intention to Use Evidence Subject to a Motion to Suppress – ECF 122**

In this Motion, Defendant Brad Reed requests that this Court order the Government to provide immediate and specific notice to Defendant of any evidence which Defendant could use to move to suppress pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure. ECF 122.

Rule 12 of the Federal Rules of Criminal Procedure indicates that Defendant Reed may "request notice of the [G]overnment's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16." Fed.R.Crim.P. 12(b)(4)(B).

In this case, the Government complied with the requirements of Rule 12(b)(4) because it provided disclosures required by Rule 16. In addition, the Government detailed what it produced in its Response, noting that it provided, "any written and recorded statements of defendants; copies of police investigatory and arrest reports, including supplemental reports; copies of the applications and affidavits pertaining to search warrants; and copies of laboratory reports, including autopsy reports." ECF 132, p. 17.

The Court concludes that the has Government complied with its Rule 16 discovery obligations and further notes that two Co-Defendants (Richard Ruby and Brad Reed), have filed numerous Pretrial Motions, some of which relied in part on the disclosure of the Rule 16 materials. Because Rule 12(b) only requires the Government to disclose its intent to use (in its case-in-chief) the evidence that Defendant Reed may be entitled to discover under Rule 16, and because the Court is satisfied that the Government met its Rule 16 obligation, this Motion (ECF 122) is **DENIED**.

**12. Defendant Reed's Motion for Notice Pursuant to F.R.E. 404(b) – ECF 123**

Defendant Brad Reeds seeks an Order of Court directing the United States "to provide immediate and specific notice to the Defendant of any evidence they intend to offer under Rule 404(b) of the Federal Rules of Evidence." ECF 123.

Federal Rule of Evidence, Rule 404(b) reads in relevant part:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On request by a defendant in a criminal case, the prosecutor must:
>
>> (A) provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial; and
>>
>> (B) do so before trial--or during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404.

Under the facts present in this case, the Government has agreed to notify Defendants and the Court of any material it intends to introduce into evidence pursuant to Rule 404(b). ECF 132, p. 19. Therefore, this Motion is **GRANTED**. The Government shall comply with this Order by January 11, 2019.


**13. Defendant Reed's Motion to Preserve Agents' Rough Notes – ECF 124**

In this Motion, which Defendant Ruby has joined, Defendant Brad Reed contends that United State Court of Appeals cases, *United States v. Ramos*, 27 F.3d 65 (3d Cir. 1994); *Ammar v. United States*, 714 F.2d2558 (3d Cir. 1993); and *United States v. Vella*, 562 F.2d 275 (3d Cir.

1977 (per curiam)), stand for the proposition that law enforcement personnel's notes and reports must be preserved for the Court's review, and if the Court concludes the material to be favorable toward Defendant, it must be produced to Defendant. ECF 124. Based on this case law, Defendant Reed requests this Court enter an Order requiring all government agents, state and local law enforcement officers, and correctional officers who investigated the allegations in the immediate case "to retain and preserve all rough notes and writings which are arguably subject to production." Id.

This Motion (ECF 124) is **GRANTED IN PART** in that this Court hereby **ORDERS** the Government to retain and preserve all rough notes and writings of its government agents, state and local law enforcement officers, and correctional officers who investigated the allegations in the immediate case. The Motion (ECF 124) is **DENIED IN PART** to the extent that Defendants sought to have these materials disclosed to them at this juncture.

**14. Defendant Ruby's Motion to Adopt/Join in Motions Filed by Co-Defendants – ECF 125**

Because this Court has addressed, and will continue to address, each Motion filed by any Defendant and has considered each Motion, and will continue to consider each Motion, based on the filer as well as any Co-Defendant who has indicated a desire to join it, this Motion is **GRANTED**.

**15. Defendant Ruby's Motion requesting notice by the government of the specific nature of any evidence, pursuant to Rule 404 and in particular section (b), Rule 405, 406, 407 and 408 of the Federal Rules of Evidence – ECF 126**

For the same reasons set forth in 12, above, and given the facts present in this case, the Government has agreed to timely notify Defendants and the Court of any material it intends to

introduce into evidence pursuant to Rule 404(b). ECF 132, p. 19. There is no requirement that the Government provide Defendant Ruby with advance notice of any evidence it plans to use at trial pursuant to Rules 405, 406, 407 and 408 of the Federal Rules of Evidence. Therefore, this Motion (ECF 126) is **GRANTED IN PART** with respect to Fed.R.Evid. 404. The Government shall comply with this Order by January 11, 2019 and notify Defendants and the Court of any material it intends to introduce into evidence pursuant to Rule 404(b). The Motion is **DENIED** in all other respects.

**16. Defendant Ruby's Motion for Pretrial Disclosure of Hearsay Statement(s) as a Residual Exception to the Hearsay Rule pursuant to Fed.R.Evid. 807 – ECF 127**

Defendant Ruby in this Motion requested disclosure of any statement that the Government plans to present as evidence under Fed.R.Evid. 807, the Residual Exception to the Hearsay Rule. ECF 127. The Government, in its Response (ECF 132, p. 20), agreed that to the extent it seeks to admit hearsay statements pursuant to Rule 807, it will comply at least two (2) weeks prior to trial. Accordingly, the Motion for Disclosure Statement(s) to be proffered Pursuant to Fed.R.Evid. 807 (ECF 127) is **GRANTED** and the Government is required to disclose any such statements **by January 28, 2019**.

SO ORDERED THIS 2nd day of January, 2019.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All counsel of record