IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,

  v.

BRAD REED, GREG REED, JUSTIN
MCBRIDE, ANTOINETTE MCBRIDE,
RICHARD RUBY,

      Defendants.

Criminal No. 18-0101
ELECTRONICALLY FILED

**MEMORANDUM ORDER**

Before the Court is a counseled Motion for Reduction of Sentence pursuant to § 3582(c)(2) filed by Brad Reed, Defendant (see ECF 317 and ECF 318), and the Government's Response to same. ECF 321. For the reasons that follow, Defendant's Motion is denied.

**I. BACKGROUND**

On January 24, 2019, Defendant pled guilty to six counts (Counts 1, 4, 7, 10, 11, and 13) of an Indictment. Each of these Counts related to drugs. More specifically, Defendant pled guilty to conspiring to distribute heroin and fentanyl in the greater Pittsburgh area. ECF 225, ¶¶ 14–19.

In the plea agreement, Defendant admitted to selling heroin and fentanyl from his Pittsburgh residence, and on at least two occasions, Defendant distributed heroin and/or fentanyl to other individuals and at least two of them overdosed – one was revived through the use of Narcan, but the other died. ECF 225, ¶ 15-17 and ECF 180-1. Defendant's plea agreement also contained an 11(c)(1)(C) clause wherein he agreed to serve a term of sixteen (16) years in prison. ECF 180-1. Defendant's plea agreement also contained the following clause:

1

> Defendant agrees that he will not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission.

ECF 180-1, p. 5.

On July 11, 2019, this Court sentenced Defendant to sixteen years' (192 months') imprisonment in accordance with the terms of the 11(c)(1)(C) provision in his plea agreement.

## II. ANALYSIS

Title 18, United States Code, § 3582(c)(2) indicates that a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission, may request, and a Court may grant, a reduction to his sentence after considering the 18 U.S.C. § 3553(a) factors, if such a reduction is consistent with the applicable policy statements issued by the Commission. The policy statements at issue are set forth at U.S.S.G. § 1B1.10, which allow this Court to reduce Defendant's sentence, at its discretion.

In *Dillon v. U.S.*, 560 U.S. 817 (2010), the United States Supreme Court established a "two-step inquiry" for determining whether a reduction of sentence under 18 U.S.C. § 3582(c) is warranted. At step one, the Court is "to follow the Commission's instructions from U.S.S.G. § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id*. at 826. Section 1B1.10(b)(1) instructs a court to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect at the time the defendant was sentenced. In making such a determination, the Court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." .

§ 1B1.10(b)(1). "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

In *Hughes v. United States*, 584 U.S. 675, 687 (2018), the United States Supreme Court explained: "If the Guidelines range was not 'a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement,' *Freeman*, *supra*, at 530, 131 S.Ct. 2685, then the defendant's sentence was not based on that sentencing range, and relief under § 3582(c)(2) is unavailable." *See also Koons v. U.S.*, 584 U.S. 700, 705 (2018) (explaining, "[w]hen that happens—when the [Guidelines] ranges play no relevant part in the judge's determination of the defendant's ultimate sentence—the resulting sentence is not 'based on' a Guidelines range"); and *U.S. v. Michael*, 767 Fed. App'x. 328, 331-32 (3d Cir. 2019) (". . . here the record supports the conclusion that, although the advisory Guidelines ranges were calculated in the PSR, they were 'scrapped' in favor of the statutory mandatory minimum sentence, *Koons*, 138 S.Ct. at 1788, because the plea agreement provided for imposition of the statutory mandatory minimum sentence. Because the advisory Guidelines ranges did not form the basis for the sentence imposed, *id.*, Michael's § 3582(c)(2) motion for a reduction in sentence was properly denied.")

### A. Waiver

Turning to the instant matter, Defendant's waiver presents an additional factor for the Court to consider in addition to, and in conjunction with, the applicable case law referenced above.  Defendant, as expressly stated in his plea agreement, specifically waived his right to file

the instant motion "seeking relief under 18 U.S.C. § 3582(c)(2)" even if "the Sentencing Guidelines were subsequently lowered by the Sentencing Commission." ECF 82-1, p. 5.

The identical waiver clause was found in another case this Court recently decided. *See United States v. Law,* No. CR 19-162-18, 2024 WL2832919 (W.D. Pa June 4, 2024); *aff'd*, No. 24-2138, 2024 WL 5237642 (3d Cir. Aug. 19, 2024). In *Law,* this Court held:

> The instant Motion flies in the face of this portion of the binding plea agreement, and the Court declines to simply ignore that contractual promise made by Defendant. *See also U.S. v. Swindle*, Crim. No. 21-325, 2024 WL 1581043, at *3 (W.D. Pa. Apr. 11, 2024, J. Fischer) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 for multiple reasons, including because the defendant "expressly waived the right to file such motion as part of his plea agreement with the Government"); *U.S. v. Portis*, Crim. No. 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024, J. Horan) (denying motion brought pursuant to § 3582(c) in light of Amendment 821 in part because in the defendant's plea agreement, the defendant agreed that he would "not file a motion seeking relief under 18 U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered by the Sentencing Commission" and defendant "is bound by the plain language of his plea agreement, which prohibits him from filing the instant Motion. Therefore, his Motion will be denied because it was filed in violation of the terms of his plea agreement.").

*United States v. Law,* No. CR 19-162-18, 2024 WL 2832919, at *3 (W.D. Pa. June 4, 2024)

In both the *Swindle* and *Portis* cases, Rule 11(c)(1)(C) plea agreements were in place, and their binding plea agreements – just like the plea agreements in *Law* and the instant matter – contained identical waiver clauses relative to the filing of § 3582(c) motions. In the *Swindle*, *Portis,* and *Law* cases, the District Courts noted that the defendants were bound by the plain language of their individual plea agreements, including the waiver clause, prohibiting them from filing the sentence reduction motions predicated on a change to the sentencing guidelines.

Just as the Court stated in *Law*, it is apparent to this Court that Defendant's counseled motion "flies in the face" of the waiver provision of his plea agreement. *Law,* Because Defendant waived his right to file the instant motion to reduce his sentence predicated upon revised

4

sentencing guidelines, and because the motion fails to set forth any basis to set aside the valid waiver, the Court will deny his motions.[1]

### B. Section 3553(a) Factors

In addition to the above waiver, the Court notes that its decision to accept the agreed-upon sentence set forth in the 11(c)(1)(C) portion of Defendant's plea agreement, was a decision this Court reached finding that the <u>total</u> time span of sixteen years' imprisonment for the six serious drug-related offenses charged in the indictment was appropriate in light of the 3553(a) factors.

The Supreme Court in *Freeman* further noted:

> What is at stake in this case is a defendant's eligibility for relief, not the extent of that relief. Indeed, even where a defendant is permitted to seek a reduction, the district judge may conclude that a reduction would be inappropriate. District judges have a continuing professional commitment, based on scholarship and accumulated experience, to a consistent sentencing policy. They can rely on the frameworks they have devised to determine whether and to what extent a sentence reduction is warranted in any particular case. They may, when considering a § 3582(c)(2) motion, take into account a defendant's decision to enter into an 11(c)(1)(C) agreement. If the district court, based on its experience and informed judgment, concludes the agreement led to a more lenient sentence than would otherwise have been imposed, it can deny the motion, for the statute permits but does not require the court to reduce a sentence. This discretion ensures that § 3582(c)(2) does not produce a windfall.

*Freeman* at 532, holding modified by *Hughes v. United States,* 584 U.S. 675 (2018).

This Court accepted the binding plea agreement in this case because the Court found that a sentence comprised of a sixteen-year term of imprisonment, followed by a six-year term of

---

[1] "Plea bargains are contracts between prosecutors and defendants." *United States v. Cruz*, 95 F.4th 106, 110 (3d Cir. 2024). "Plea agreements, although arising in the criminal context, are analyzed under contract law standards." *United States v. Williams*, 510 F.3d 416, 422 (3d Cir. 2007) (cleaned up). "[W]e let defendants waive most of their individual rights because we treat plea bargains like contracts." *United States v. Yung,* 37 F.4th 70, 82 (3d Cir. 2022) (citation omitted).

supervised release, provided adequate and just punishment for Defendant's six serious, drug-related offenses in the instant case. Defendant not only received a substantial benefit by agreeing to this binding plea deal with respect to the guideline range for his offenses, but also because the Government agreed to withdraw one additional charge. In sum, Defendant benefitted from the Court's acceptance of his binding 11(c)(1)(C) plea agreement, requiring Defendant to serve a total of sixteen years' imprisonment for the six separate offenses to which he pled guilty.

Finally, and additionally, the Court, based upon consideration of the relevant sentencing factors set forth in 18 U.S.C. § 3553(a), finds that a sentence reduction is unwarranted in this case. To the contrary, the Court determines that the sixteen-year term of imprisonment in this matter remains sufficient, but not greater than is necessary, to comply with the goals of sentencing, as set forth in 18 U.S.C. § 3553(a)(2), including that the sentence reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense, afford adequate deterrence to criminal conduct, and protect the public from further crimes. Although it is laudable that Defendant has chosen to avail himself of various programs available to him while in prison, and the Court encourages Defendant to keep doing so, those programs and certificates earned by Defendant benefit him by increasing his skills and having a positive rehabilitative effect on him so that Defendant may become a more productive member of society upon his release from prison.

### III. CONCLUSION

Based on the foregoing law and authority and given the set of facts present in this case, the Court DENIES Defendant's counseled Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

SO ORDERED, this 26th day of October, 2025.

                                                    s/Arthur J. Schwab
                                                    ARTHUR J. SCHWAB
                                                    United States District Judge

cc:     All ECF-registered Counsel of Record